NOTE: CHANGES MADE BY
THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LA TISHA LOFTON,

                 Plaintiffs,

vs.

COUNTY OF SAN BERNARDINO;
DEPUTY ROBERT WARRICK;
CAPTAIN GREGORY BOTTRELL;
DEPUTY KELLY AMMERMAN;
CORPORAL HUNTSMAN; CORPORAL
RODRIGUEZ; DEPUTY MCCORMICK;
OFFICER FORD; DEPUTY ALFARO;
LIEUTENANT MACETTI; DEPUTY
PINEDA, AND DOES 1 THROUGH 10,
INCLUSIVE

                 Defendants.

Case No. CV 08-05700 GAF (PLAx)

**ORDER RE JOINT
STIPULATION FOR ENTRY OF
PROTECTIVE ORDER**

    The Court hereby grants the Protective Order for the production of various documents during the discovery phase of this case, as stipulated by the parties.

    IT IS SO ORDERED that:

    1.    Personnel Records of the Plaintiff.

    2.    Training Records of the Plaintiff, which include, but are not limited to, the following:

///

- • Training Officer Statements, Memoranda and/or Notes;
- • Test Scores;
- • Performance Evaluations and Narrative;
- • Supplemental Reports;
- • Peer Evaluation Summaries and Statements.

3. Personnel and Training Records concerning third parties.

4. Officer training and procedural manuals.

5. Medical Records and all reports, documents and/or writings related to medical care provided to the plaintiff, which include but are not limited to, the following:

- • Doctors' entries;
- • Nurses' charts;
- • Progress charts.

## I.   *GOOD CAUSE STATEMENT*

The County of San Bernardino maintains information of a highly personal and confidential nature in employee personnel files. Information, which is protected by the employee's right to privacy, includes information such as performance evaluations, discipline and compensation. Demographic information and information related to medical treatment and conditions is also included. Information included in the employee personnel files is not disclosed except in limited circumstances. Training records also include sensitive and candid information pertaining to employee performance, fitness for duty and discipline.

In this above-captioned matter, the plaintiff alleges she was subjected to a series of discriminatory acts based on her race, gender and disability, which culminated in her termination. She alleges she was discriminated against and retaliated against for an injury she sustained during a training exercise, for exercising her right to freedom of speech and for expressing her right to work in an environment free of racial discrimination. Further, she alleges that the County has a policy or

custom of terminating employees who complain about their injuries or about racial discrimination and that the County, as a practice, fails to adequately investigate claims of racial discrimination and take steps to prevent future racial discrimination and retaliation.

As a result, confidential information included in personnel and training files is relevant to this action. The parties have agreed to this Proposed Protective Order covering the disclosure of documents and information maintained in personnel and training files as well as procedural and training manuals, employee training and evaluation standards and policies for investigating complaints. Defendants contend that a Protective Order is appropriate for the following Good Cause reasons:

A.    The Peace Officer Standards and Training requirements proscribe standards for the Peace Officer Basic Academy which include performance criteria, evaluation standards and reporting. Further, the San Bernardino County Sheriff's Department has developed a curriculum for the Basic Academy that meets the minimum POST standards and ensures personnel who complete the Basic Academy are prepared to effectively serve the citizens of San Bernardino.

B.    Detailed and candid training records are prepared by Academy personnel. Such training records are reviewed by appropriate command officers in the Department. This review has several purposes: (1) to determine whether the involved officer is meeting the performance standards established by POST; (2) to determine compliance with the Department's policies and procedures; (3) to determine whether the officer is meeting the Department's employment standards; (4) to determine whether additional training and/or administrative discipline is necessary; (5) to ascertain if policies and procedures in such areas as training, tactics, policies, discipline, etc., should be modified. In sum, training records are an essential aid to providing critical self evaluation of Department officers and policies.

C.    Information concerning an officers' training is also contained within the officer's personnel record. This information is also kept confidential and is usually

never disclosed.

D.     It has been held that peace officer personnel records are deemed confidential by California statute and Federal decisional law.  Penal Code §832.7; *Sanchez v. Santa Ana Police Department*, 936 F. 2d 1027, 1033-34.  Training reports and records are maintained as confidential reports and are considered part of the individual officer's personnel record.  Reports include information which is both personal in nature and could potentially impact the liberty interests of the involved officers and/or others named within.

E.     Unfettered release of these reports has the potential for untold negative results.  In terms of societal interests, it would inhibit the Department's ability to frankly engage in critical self-analysis.  Public exposure of many reports could severely threaten the safety and well-being of the individuals, their families and associates.  Many personnel and training files include embarrassing facts.  At a minimum, disclosure of entire personnel and training files would cause needless intrusion of privacy rights and have a negative effect on the  Department's efforts to effectively train, develop and supervise employees.

F.     The materials and documents included in personnel and training files are maintained in a manner to protect the confidentiality.  They are not routinely shown to other County departments.  Even then, information that is not clearly relevant to the rationale governing the request is redacted to ensure the privacy rights of the mentioned within a given report.  Personnel and training files are not available to the general public except by court order.  In all instances, the Department requests <u>in camera</u> hearing to determine the relevance for releasing all or part of the personnel and training file to ensure the constitutionally protected privacy rights of those named or otherwise identified within the documents.

G.     In each case involving court-ordered disclosure of information from the personnel or training file, it is Department policy to seek a protective order limiting use of the information to the case at trial and identifying those persons who may

properly be granted access.  Absent a protective order, it becomes unrealistic to conceive the large numbers of attorneys, secretaries, law clerks, paralegals and witnesses involved will be able to maintain proper confidence of personal, private material absent an order which clearly delineates their responsibilities.  The orders further request that said records be returned to the Department after the case has terminated, either by final judgment or otherwise.  This request serves to ensure that intrusion into the privacy and employment rights of those involved is limited to the particular case in which the facts are relevant.

H.   Even with a carefully written protective order, the release of entire personnel and training files, without prior judicial review to determine relevancy and assess privacy concerns, ignores the constitutional protection given to individual privacy under the United States and California constitutions and which a third-party such as the Department is obligated to assert.  The issuance of an appropriate protective order makes certain that these privacy concerns are not compromised beyond that degree necessary to the issues before the court.  Accordingly, on behalf of the County of San Bernardino Sheriff's Department and those persons identified within personnel and training files, the Defendants respectfully request these procedural protections in the instant case.

## II.   TERMS OF THE PROTECTIVE ORDER

A.   Defendants and Plaintiffs have agreed that the below-listed documents shall be designated confidential documents and/or writings because Defendants believe, in good faith, that these documents and/or writings are privileged, confidential, private and/or are of a sensitive nature.

For purposes of this Order, Confidential Materials include, but are not limited to:

1.   Personnel Records of the Plaintiff.

2.   Training Records of the Plaintiff, which include, but are not limited to, the following:

- Training Officer Statements, Memoranda  and/or Notes;
- Test Scores;
- Performance Evaluations and Narrative;
- Supplemental Reports;
- Peer Evaluation Summaries and Statements.

3. Personnel and Training Records concerning third parties.

4. Officer training and procedural manuals.

5. Medical Records and all reports, documents and/or writings related to medical care provided to the plaintiff, which include but are not limited to, the following:

- Doctors' entries;
- Nurses' charts;
- Progress charts.

B. The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect.  The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order.  The "Confidential" Watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

C. Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation.

D. Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following persons:

1. Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

2.     Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

E.     Prior to the disclosure of any Confidential Information to any person described in paragraph D(1) or D(2), *with the exception of all Court Personnel,* counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing protective order.  I have read the stipulation/protective order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
>
> Dated: _____/s/ _____"

Once this is completed, Counsel for Plaintiffs will serve a copy of the acknowledgment upon Defendants.

F.     Upon the final termination of this litigation, including any appeal pertaining thereto, all personnel and training records and procedural reports, manuals and investigative materials that were designated as confidential, as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof, shall be returned to Manning & Marder, Kass, Ellrod, Ramirez, 801 S. Figueroa Street, 15th Floor, Los Angeles, California 90017.  All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to Manning & Marder, Kass, Ellrod, Ramirez.

G.     If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to counsel for Defendants, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this

stipulation/protective order so as to afford Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  Other than objecting on the grounds of this protective order, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by Defendants.  However, in no event should production or disclosure be made without written approval by Defendants' counsel unless required by Court Order arising from a motion to compel production or disclosure of Confidential Information.

H.      Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall first be accompanied by an application, pursuant to Local Rule 79-5.1, to request that the papers, or the confidential portion thereof, be lodged under seal.

I.      Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury, unless the Court orders otherwise.  Counsel for the parties further agree that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants will have an opportunity to request that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

J.      Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

K.      The fact that Plaintiffs have entered into this stipulation does not waive any of Plaintiffs' rights to challenge the Defendants' designation of materials as

confidential.  Nevertheless, Plaintiffs understand and acknowledge that material contained within the personnel and training files, policies and procedural manuals are being provided pursuant to this Protective Order and that they are to remain protected by this Order.  In the event that there is some "good faith" disagreement as to whether certain documents and/or information provided by Defendants that were labeled as "confidential" should be treated as confidential, the parties agree to make informal attempts to resolve such issues.

Nevertheless, if those informal attempts prove unsuccessful, then Plaintiffs will file the necessary motion so that the Court can make the appropriate ruling. It should be noted, that the success of any challenge will be based on the necessity and availability of the document or information by alternative means.  **Any such motion must comply with the requirements of Local Rule 37.**

DATED:      May 20, 2009

_____
Honorable Paul L. Abrams
United States Magistrate Judge

Respectfully submitted by:

Eugene P. Ramirez, Esq., SBN 134865
Andrea M. Travis, Esq., SBN 207838
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Email: epr@mmker.com

Attorneys for Defendants,
COUNTY OF SAN BERNARDINO; DEPUTY ROBERT
WARRICK; CAPTAIN GREGORY BOTTRELL;
DEPUTY KELLY AMMERMAN; CORPORAL
HUNTSMAN; CORPORAL RODRIGUEZ; DEPUTY
MCCORMICK; DEPUTY ALFARO; LIEUTENANT
MACETTI; DEPUTY PINEDA